TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00372-CR







Joshua David Walker, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0933891, HONORABLE GRAINGER W. McILHANY, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of murder and assessed punishment at imprisonment
for twenty years. Penal Code, 63d Leg., R.S., ch. 399, sec. 1, § 19.02, 1973 Tex. Gen. Laws
883, 913, amended by Act of May 28, 1973, 63d Leg., R.S., ch. 426, art. 2, § 1, 1973 Tex. Gen.
Laws 1122, 1123 (Tex. Penal Code Ann. § 19.02(a)(1), (2), since amended) (hereafter "section
19.02"). In his only point of error, appellant contends the evidence is legally insufficient to
sustain the conviction.

 Gary Allen and Gary Machicek spent the evening of July 21, 1993, at an Austin
night club. They left the club shortly after midnight and Allen began driving Machicek home. 
As the men travelled along Airport Boulevard in Allen's Mazda pickup truck, another pickup
passed them in a reckless manner. Allen testified that the second truck, a Ford, was speeding and
"got a little bit out of control" at one point. The two trucks stopped beside each other at a traffic
light. Allen asked appellant, who was seated by the passenger window of the Ford, "Do ya'll
have a problem?" Appellant showed Allen a pistol and replied, "This is the problem." Allen
turned to Machicek and said, "This guy's got a gun." Machicek shouted at appellant, "Hey, what
are you going to do with that little pea shooter?" What appellant did was point the pistol at the
two men in the Mazda and fire. The bullet passed through Allen's shoulder and entered
Machicek's body, penetrating his lung, heart, and liver. Machicek died at a hospital a few
minutes later. 

 Two other men were with appellant in the Ford pickup truck: the driver, Steve
Zamarripa, and David Griffin, who was seated between Zamarripa and appellant. The three men
had been celebrating Zamarripa's birthday at a series of clubs and, like Allen and Machicek, were
on their way home. Griffin testified that when they passed Allen's truck on Airport, appellant
said, "This guy's got an attitude, Steve; let me see your gun." Zamarripa reached under his seat
and pulled out a pistol, then cocked it and handed it to appellant. Griffin's description of the fatal
encounter at the traffic light was essentially identical to Allen's.

 After the shot was fired, appellant told Zamarripa, "Drive, Steve, drive." The men
sped away, saying nothing. Zamarripa broke the silence when he said, "You shot him, man." 
Appellant replied, "Did you see that head shot?" and "Did you see him duck down?" Appellant
returned the pistol to Zamarripa but asked for it again a few minutes later, saying, "Give me the
gun, I'll cap [shoot] some more." Asked what else he remembered of the incident, Griffin
replied, "[Appellant] looked at us and kind of pleaded, `He deserved it, right?' `He was asking
for it, right?' And that's all I remember until I got out of the truck." 

 Appellant testified that he did not have a clear memory of the night in question, but
did remember having an argument with the occupants of the other vehicle, holding the pistol
outside the window, and pulling the trigger. Appellant testified that he did not intentionally point
the gun at anyone, did not know that the pistol was cocked and loaded, and did not intend to shoot
either Allen or Machicek. According to appellant, all he wanted to do was to scare the men in
the other truck. Appellant claimed that he did not know anyone had been shot until he was
arrested. 

 The indictment accused appellant of intentionally and knowingly causing
Machicek's death. Sec. 19.02(a)(1). Alternatively, the indictment alleged that appellant, with the
intent to cause serious bodily injury to Machicek, committed an act clearly dangerous to human
life that resulted in Machicek's death. Sec. 19.02(a)(2). The court's charge authorized appellant's
conviction on either theory of the offense. Appellant contends the evidence does not support his
conviction because the State failed to prove that he acted with the requisite culpable mental state. 
Relying on his own testimony, appellant urges that the evidence demonstrates that the shooting
was an accident. 

 The mental state with which an act is committed must usually be inferred from the
circumstances. Castellano v. State, 810 S.W.2d 800, 807 (Tex. App.--Austin 1991, no pet.). An
intent to kill may be inferred from the use of a deadly weapon in a deadly manner. Adanandus
v. State, 866 S.W.2d 210, 215 (Tex. Crim. App. 1993); Godsey v. State, 719 S.W.2d 578, 580-81 (Tex. Crim. App. 1986). In this cause, it is undisputed that appellant asked for the pistol,
pointed it at Allen's pickup, and pulled the trigger. Allen testified that "the gun was pointing
right at me" and that he and appellant "were looking eye to eye when it happened." According
to Griffin, appellant said after the shooting that his victim "deserved it" and boasted of the "head
shot." This evidence is more than sufficient to warrant an inference that appellant acted with the
intent to kill or cause serious bodily injury. Flanagan v. State, 675 S.W.2d 734, 744 (Tex. Crim.
App. 1984) (opinion on motion for rehearing). 

 In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). The jury,
as trier of fact, was entitled to reject appellant's exculpatory testimony. Castellano, 810 S.W.2d
at 807. Viewing the evidence in the light most favorable to the verdict, we conclude that a
rational trier of fact could find beyond a reasonable doubt that when appellant fired the fatal shot,
he intended to kill Gary Machicek or cause him serious bodily injury, or knew that Machicek's
death was reasonably certain to result. 

 The point of error is overruled and the judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: March 8, 1995

Do Not Publish